## QUARTERMOUS VS. KENNEDY.

1. EVIDENCE; *A writing cannot be varied by parol.*
   A contract cannot rest partly in writing and partly in parol ; and where it is reduced to writing, oral evidence of what occurred at or before the time is inadmissible to contradict or vary it.

2. MORTGAGE: *Equity of redemption inseparable from.*
   A stipulation by which a mortgagor's equity of redemption was to be cut off upon failure to perform the condition by a particular time, is void.

3. CONTRACT: *Performance of contract to pay debts of another.*
   Where one who contracts to pay the debts of another discharges them by payment of less than the whole amount due, it is a sufficient performance.

4. COST.
   A defendant who failed to complete the performance of his contract until after suit brought, will be required to pay the costs incurred in the circuit court.

APPEAL from *Arkansas* Circuit Court.
Hon. HENRY B. MORSE, Circuit Judge.
*Garland*, for appellant.
*U. M. Rose,* contra.

HARRISON, J.   This was a suit in equity in the Arkansas circuit court by Jerome B. Kennedy and Augustus Nevill against Cynthia A. Quartermous, as administratrix of John G. Quartermous, deceased, the minor heirs of the said John G. Quartermous and John R. Maxwell.

The complaint alleged : That the plaintiffs, on the 22d day of May, 1867, sold and conveyed by deed in fee simple to said John G. Quartermous, a certain storehouse and lot in the town of De Witt, the consideration for which sale being the undertaking and agreement of said Quartermous, to pay off and satisfy for them, on or before the 1st day of January, 1868, all debts owed by the late firm of Nevill & Kennedy and Reynolds & Nevill, made in the years 1860 and 1861.   The sale being made with the verbal understanding and agreement that if the debts were not paid within the time named, the deed should be null and void.

That to secure the performance of his agreement, Quartermous, at the time, executed to them a mortgage on the storehouse and lot, the condition of which was as follows :

Provided, nevertheless, that if the said John G. Quartermous, his heirs, executors, or administrators, shall pay and satisfy certain claims and demands due by and from the said Augustus Nevill and A. H. Reynolds, partners and merchants under the firm name and style of Reynolds & Nevill, and also certain claims and demands due by and from Augustus Nevill and Jerome B. Kennedy, partners and merchants under the firm name and style of Nevill & Kennedy, to certain parties in the city of Louisville, Kentucky, to wit: Harry Naul & Co., about $300.83 ; Feilding & Freeman, $80, both debts contracted on the 10th day of April, 1861 ; to Henry Keith & Co., $202.70, more or less; also, to Crusher & McCreary, $65.50, more or less, both debts contracted on the 9th day of April, 1861 ; also, to Right & Bridgeford, their several

amounts, $175.78, more or less, and due on the 17th day of May, 1861; also, $35.85, due on the 28th day of June, 1861; and all other claims or demands against the said firm of Reynolds & Nevill and Nevill & Kennedy, made and contracted in the years 1860 and 1861, of whatever description, to whomsoever the same may be due by and from the said firms of Reynolds & Nevill, and Nevill & Kennedy. Now if the said John G. Quartermous shall well and truly pay off and satisfy the above mentioned claims or demands against the said firms above mentioned, or cause the same to be paid, on or before the 1st day of January 1868, then this mortgage shall be null and void, otherwise remain in full force and virtue."

That Quartermous entered into possession of the property, and he and his partner, the said John R. Maxwell, occupied the same from the time he purchased until his death in 1870, and Maxwell continued, and was then in the occupancy thereof.

That Quartermous paid none of the debts within the time stipulated, thereafter, or in his lifetime, and that all of said debts were still unpaid.

The prayer was that the sale should be set aside, and the deed and mortgage be annulled and canceled; the possession restored to the plaintiff; the defendants be required to pay rents, etc., and for general relief.

The administratrix and Maxwell claimed that the whole of the debts had been paid; that Quartermous in his lifetime had paid part, and they, since his death, the remainder.

Nevill having become a bankrupt, the pleadings were amended by an order dismissing him from the cause, and making James A. Gibson, his assignee, a plaintiff in his stead.

The court, upon the hearing, decreed that the deed of conveyance should be set aside and canceled, and the possession

of the property restored to the plaintiff; that Maxwell should pay $250 a year, rent, from the time of the sale, and the defendants pay costs. The defendants appealed.

The alleged agreement of the parties, when the trade was made, that unless the debts were paid within the time agreed upon, the deed for the property should be null and void, not being in writing, constituted no part of the contract. A contract cannot rest partly in writing and partly in parol; and where it has been reduced to writing, oral evidence of what passed previously, or at the time, cannot be admitted, to contradict or vary it; yet if such a stipulation had been incorporated in the mortgage, it could not have had the effect to deprive Quartermous of the right to redeem.

Judge Story says: "So inseparable, indeed, is the equity of redemption from a mortgage, that it cannot be disannexed even by an express agreement of the parties. If, therefore, it should be expressly stipulated that, unless the money should be paid at a particular day, or by or to a particular person, the estate should be irredeemable, the stipulation would be utterly void." 2 Stor. Eq. Jur., 1019.

It was proven that all the debts had been satisfied and discharged; part by Quartermous, though not until after the 1st day of January, 1868, and the remainder of them since his death, by his administratrix and Maxwell, but not until after the suit was brought.

It appears, however, that some of those, settled by the administratrix and Maxwell, were satisfied by the payment of less than the whole amounts; and it is objected that that was not such payment of them as was intended, or a performance of the condition of the mortgage.

The force of this objection it is difficult to see. The discharge of the plaintiff's liability, and extinguishment of the debts were certainly a payment of them; and if the creditors

were willing to receive less than the whole, it was their own privilege to do so, and the plaintiffs have no cause to complain.

Inasmuch as a portion of the debts were not paid until after the suit was brought, it is just and proper that the defendants should pay the costs in the court below, and the decree, so far as it adjudged costs against them, is right, and is to that extent affirmed; but in all things else it is wrong, and is reversed; and the complaint, being now without equity, must be dismissed.