### HUBBARD v. AMERICAN INV. CO.

#### (Circuit Court, D. Nebraska. December 3, 1895.)

JUDGMENTS—VALIDITY—JURISDICTION.

> An action was brought against a Nebraska corporation in a Colorado state court. The defendant appeared specially, and objected to the jurisdiction of the court on the ground that the service upon it was insufficient. Its objections having been overruled, the defendant, protesting against the jurisdiction, but without appealing, answered to the merits, and filed a counterclaim. Judgment was rendered against it, and a suit afterwards brought on such judgment in the United States circuit court in Nebraska. *Held,* that the judgment of the Colorado court, even if erroneous, was not void, and in the suit on such judgment it was not open to the defendant to insist that the question of the jurisdiction of the Colorado court should be again litigated.

This was an action brought upon a judgment in favor of the plaintiff and against the defendant rendered in the district court of Arapahoe county, Colo. The defendant was a Nebraska corporation, but had been doing business in Colorado, and had filed a written appointment of an agent upon whom process might be served in Colorado, as required by the laws of that state. The record showed service on such agent. The defendant offered to prove that at the time service was made it had ceased to do business in Colorado, and that the person served had ceased to be its agent. To this testimony the plaintiff objected. Further facts appear in the opinion.

Roscoe Pound, for plaintiff.

C. A. Atkinson and G. A. Adams, for defendant.

SHIRAS, District Judge. I sustain the objections to this line of testimony offered by the defendant on the following grounds: It appears and is admitted that to the action brought by the present plaintiff against the present defendant in the district court of Arapahoe county, Colo., a special appearance was entered on behalf of the defendant, and the question of the jurisdiction of that court

was raised, and presented to that court for decision. It thereupon became the duty of that court to hear and decide the question of its own jurisdiction, and it was open to the defendant to then and there present every question of law and fact upon which it relied to show that the court was without jurisdiction. The court heard the matter, and decided that jurisdiction existed. Thereupon the defendant excepted to the ruling thus made, and, protesting that jurisdiction did not exist, it then answered to the merits, and filed a counterclaim in the case, and invoked the jurisdiction and judgment of the court thereon. The trial upon the issues thus presented was had, and resulted in a judgment for the plaintiff. The defendant did not appeal from this judgment, nor from the ruling upon the question of jurisdiction. Suit being now brought upon the judgment record in this court in Nebraska, the defendant now seeks to show that the ruling of the court in Colorado upon the matter of jurisdiction was erroneous. It is claimed by the defendant that, when suit is brought upon a judgment record, the question of the jurisdiction of the court rendering the judgment is always open to investigation, and in one sense this is true. It is open to a defendant in a suit upon a judgment record to show that, upon the face of the record, jurisdiction did not exist, because the trial court could not, under any circumstances, have jurisdiction over the subject-matter; as, for instance, if a court of the United States should render, in form, a decree of divorce, and award alimony, and an action to compel payment of the alimony should be brought, based upon the record of divorce, the want of jurisdiction could always be relied upon. So, also, it is always open to a defendant to show that under no circumstances could the court rendering the judgment have or take jurisdiction over the defendant; as, for instance, in case an individual should sue the United States in a court of a state, and obtain a judgment in form, and should then bring suit on the record in this court. So, also, in cases where a personal judgment has been rendered against a nonresident or absent defendant, upon service by publication only, such fact may be shown by the record, or by proper evidence, as a defense to a suit upon such a record. So, also, in case a record on its face shows personal service upon the defendant, but in fact such service was not had, but the recitals in the record were fraudulently inserted therein, such fact may be shown when suit is brought upon the fraudulent judgment. But when it appears, as it does in this case, that the defendant was suable; that the subject of the controversy was within the general powers and jurisdiction of the court; that service, in form, at least, was had upon the defendant; that the defendant in fact appeared in the court, and presented first the question of the jurisdiction of the court, and, this being decided in favor of the jurisdiction, the defendant then pleaded to the merits, and also pleaded a counterclaim, and, judgment being rendered against it, no proceedings, by writ of error, appeal, or otherwise, were taken to reverse the judgment of the court upon either the question of jurisdiction or upon the merits, it is not open to the defendant, when sued on the judgment record in another

state and court, to insist that the question of jurisdiction, upon which it invoked the judgment of the court in which the action was first brought, is again to be litigated and decided. The judgment rendered in the district court in Colorado is in full force. It may be erroneous, but it is not void. If the defendant wished to question the correctness of the ruling, the way was open by appeal to the supreme court of the state. The defendant did not so appeal. The judgment stands in full force. The question of jurisdiction has been once heard and determined, and this court cannot sit as an appellate tribunal to determine the correctness of the judgment of the Colorado court upon that question.