## EDERHEIMER v. CARSON DRY GOODS COMPANY.

### Opinion delivered December 16, 1912.

1. JUDGMENT—CONCLUSIVENESS—MATTERS THAT MIGHT HAVE BEEN ADJUDICATED.—The appearance of a defendant in a court of general jurisdiction, having jurisdiction of the subject-matter, for the purpose of moving to quash the return of service of summons gives that court jurisdiction of his person, not only upon that ground, but upon any other ground that he might have presented; and defendant, by failing to present such other ground, waives his right to allege them as reasons for quashing the service. (Page 492.)

2. SAME—FOREIGN JUDGMENT—CONCLUSIVENESS.—Where plaintiffs sued defendant, a resident of this State, in a court of general jurisdic-

tion in another State, and defendant appeared and moved to quash the service of summons, and the court overruled the motion to quash and rendered judgment in favor of the plaintiffs, such judgment is conclusive upon the question of jurisdiction of defendant's person on review by a court of another jurisdiction.  (Page 493.)

Appeal from Union Circuit Court; *George W. Hays*, Judge; reversed.

### STATEMENT BY THE COURT.

Appellant, a St. Louis firm of merchants, sued the appellee, an Arkansas corporation, on a judgment obtained by appellants against appellee in the circuit court of the city of St. Louis, Missouri. The defense was that the circuit court where the judgment was obtained was without jurisdiction. The appellee alleged "that no service of summons or process in said suit in the circuit court of the city of St. Louis, State of Missouri, has ever been had on this defendant; and that Ike Felsenthal, at the time he was served with summons in the suit on which the said plaintiffs attempted to recover a judgment, the same that is sued on herein, was in the city of St. Louis, not on business for this defendant."

The appellant filed a replication, in which it denied "that Ike Felsenthal at the time he was served with summons in the suit in which the plaintiffs recovered a judgment in the city of St. Louis, the same that is sued on herein, was not on business for defendant at the time in the city of St. Louis." And set up "that defendant should not now be permitted to deny the jurisdiction of the circuit court of the city of St. Louis, Missouri, of the person of the defendant, because the record of the suit in Missouri shows that citation to answer the plaintiffs' demand having been duly served on an agent of the defendant, pursuant to the laws of Missouri, and the defendant, having appeared as shown by the record, did then and there plead that it had not been legally cited, and that the person upon whom process was served was not such an agent of defendant as that such service of process would bind the defendant to bring it into court, which said matters and things were the same as are now pleaded here; and that thereupon the court in Missouri adjudged that the defendant had been legally cited, and that the person upon whom the process was served was such an agent as that such service of process would

bind said defendant to bring it into court; and that the defendant is bound and concluded by said judgment to plead here anew the matters and things passed upon and determined there.''

The amended return to the summons on which the judgment in Missouri was obtained is as follows: "Served this writ in the city of St. Louis, Missouri, this 25th day of February, 1909, on the within named defendant, the Carson Dry Goods Company, a corporation organized under the laws of the State of Arkansas, by delivering a copy of said writ and petition, as furnished by the clerk, to Isaac Felsenthal, director, stockholder, agent and employee of said corporation, said corporation having no office or place of business in this State, the said Isaac Felsenthal being in the city of St. Louis on said date representing the said Carson Dry Goods Company in the purchase of goods for said company." (Signed by the sheriff.)

The appellee filed in the circuit court of St. Louis the following motion to quash: "Comes now the defendant in the above entitled cause, appearing for the purpose of this motion and for no other purpose, and especially limiting its appearance for the purpose of this motion, and moves the court to quash the sheriff's amended return of service of summons in this cause, and for ground for this motion this defendant says that it appears from the amended return made by the sheriff herein that the defendant had no office in the State of Missouri at the time of service; that the defendant is a nonresident corporation, organized under the laws of the State of Arkansas, and it does not appear from said return that defendant was doing business in the State of Missouri, but it does appear from said return that the person upon whom the sheriff served the copy of the writ and petition in this case was in the city of St. Louis buying goods for the defendant, but it does not appear from said return that said person upon whom the sheriff served the copy of the writ and petition was the proper agent of the defendant upon whom to make service." (Signed by the attorneys for the defendant).

The circuit court of Missouri overruled the motion to quash, and entered judgment in favor of the appellants by default "in the sum of $904.35, the aggregate sum found to

be due, together with the costs herein expended," etc. This is the judgment upon which the present suit was brought.

On the trial the court permitted the appellee, over the objection of appellents, to show that it was a nonresident of Missouri; that it was not doing business or authorized to do business in that State; that at the time of the service of the summons on Ike Felsenthal he was not transacting business for the appellee, and that he was such an agent of the appellee as that service of summons on him in St. Louis would bind appellee. The court below found that the Missouri court was without jurisdiction over the person of the defendant, and that its judgment was void, and therefore open to collateral attack. It dismissed the complaint of appellants and rendered judgment in favor of the appellee for costs. The appellants duly prosecute this appeal.

*Patterson & Green,* for appellants.

1. The judgment of a superior court of record, unless appealed from, is final and binding; and all questions of jurisdiction and liability and service are *res judicatae* and can not be attacked collaterally. Especially is this true where the court of record finally passes on the question of its own jurisdiction. Black on Judg., §§ 900-1; 23 Cyc. 1578, note 53, 1580, note 57; 11 How. 165, 13 L. Ed. 648; 11 How. 437; 9 Wall 812; 17 Wall. 521; 18 *Id.* 521; 18 *Id.* 457; 22 U. S. (L. Ed.) 70; 91 U. S. 160; 95 *Id.* 714; 195 U. S. 257; 11 Ark. 157; 13 *Id.* 33; 10 Fed. 696; 112 *Id.* 453; 70 *Id.* 808; 160 *Id.* 418; 12 L. R. A. (N. S.) 941; 103 S. W. 766; 91 Ala. 245; 9 So. 265; 87 Ala. 618; 6 So. 44; 91 Ga. 62.

2. If conclusive in the State where rendered, the judgment is conclusive everywhere. Story on Const., § 1313; 5 Wall. 290; 11 Ark. 162; Black on Judg., § 901; 12 Ark. 758; 19 *Id.* 422; 23 Cyc. 1556; 81 S. W. 1073; 124 Fed. 259; 21 Ia. 260; 7 Am. Rep. 129.

*Gaughan & Sifford,* for appellee.

1. In construing the "full faith and credit" clause, it is conceded that the jurisdiction of the court of a sister State rendering judgment, etc., is open to inquiry in the same court, notwithstanding the recitals in the judgment. 11 Ark. 157.

2. The appearance of defendant was special, to move to quash the return on the summons, and there is no *res judicata* nor estoppel in this case. 2 Am. St. 452. The motion to quash raised no issue as to proper service.

3. Before a court in Missouri could acquire jurisdiction, defendant must have been doing business in the State. 27 U. S. (L. Ed.) 123; 50 L. R. A. 577, and notes; 19 Cyc. 1328; 32 Fed. 802; 106 U. S. 359; 22 Fed. 635; 29 Fed. 37; 127 *Id.* 1008.

4. As to what constitutes "doing business in the State," see 90 Ark. 73; 29 Fed. 37; 106 U. S. 359; 32 Fed. 802.

WOOD, J., (after stating the facts). The record shows that the circuit court of St. Louis is a court of general jurisdiction, and had jurisdiction of the subject-matter, and the only question presented for our decision is whether or not the finding and judgment of the circuit court of Missouri, holding that it had obtained jurisdiction by a proper service upon appellee, is *res judicata.*

The appearance of the appellee in the Missouri circuit court for the purpose of quashing the sheriff's amended return of service of summons in that cause gave that court jurisdiction of the person of appellee for the purpose of quashing service, not only upon the ground stated in the motion, but upon any other ground that the appellee might have presented. The appellee, upon filing the motion to quash the service of summons, could have brought forward any grounds that it saw fit to allege other than that set up in the motion as a reason why the service should be quashed. The issue raised by the motion to quash was whether or not the service of summons should be quashed.

The appellee, having appeared in the circuit court of Missouri for the purpose of quashing the service, is estopped not only from setting up the reason for quashing the service alleged in the motion, but also any reasons that it might have set up as grounds for quashing such service. The issue raised by the motion was, whether or not the Missouri circuit court had jurisdiction of the person of appellee, and it was the duty of the appellee, when it questioned that jurisdiction, to bring forward any cause that might have existed showing that the court did not have jurisdiction of the person of appellee.

Not having brought forward such matters then, it is estopped from taking advantage of them in a subsequent proceeding to test the jurisdiction, and the judgment of the court on that question, whether right or wrong, is not subject to collateral attack on review by the circuit court of another jurisdiction.

"The judgment of a court of competent jurisdiction operates as a bar to all defenses, either legal or equitable, which were interposed or which could have been interposed in the suit." *Church* v. *Gallic*, 76 Ark. 423.

The doctrine of *res judicata* is correctly announced in 23 Cyc. pp. 1295-6; *Cromwell* v. *Sac County*, 94 U. S. 351-2.

"The rule is often stated in general terms that a judgment is conclusive, not only upon the question actually determined, but upon all matters which might have been litigated and decided in that suit; and this is undoubtedly true as to all matters properly belonging to the controversy and within the scope of the issues, so that each party must make the most of his case or defense, bringing forward all his facts, grounds, reasons, or evidence in support of it, on pain of being barred from showing such omitted matters in a subsequent suit." See cases cited in note, 23 Cyc. pp. 1295-6, *supra*.

Until the appearance of the appellee in the Missouri court to quash the service of summons, no issue was raised by it. It was not before the court at all for any purpose, unless it had been properly served with process; and while it was the duty of the circuit court of Missouri to examine the service to determine whether it had jurisdiction of the person of appellee, there was no issue on that question raised by the appellee. But when appellee appeared and moved to quash, it distinctly raised that issue, with all the reasons that were, or could have been, urged as to why the circuit court had not acquired jurisdiction of the person of appellee.

In *Hubbard* v. *American Investment Co.*, 70 Fed. 808, the court said: "The question of the jurisdiction of that court (a State court of Colorado) was raised and presented to that court for decision. It thereupon became the duty of that court to hear and decide the question of its jurisdiction, and it was open to the defendant to then and there present every question of law and fact upon which it relied to show that the court was without jurisdiction."

Appellee, having elected to submit the issue as to whether the circuit court of Missouri had jurisdiction of its person to render the judgment sued on herein, is bound by the judgment of that court·on that issue, so long as same stands unreversed by the courts of Missouri.

As was said in *Newcomb* v. *New York Cent. & H R. R. Co.*, 81 S. W. 1069: "If the defendant was of the opinion that the return was not sufficient to bring it into court, and had confidence in its own opinion, it could have remained away and let the plaintiff take his course. That was a station in the progress of the case where the law requires the party to rely on his own judgment and take the risk of being sustained in the end." See also other authorities cited in appellant's brief.

It follows that the court erred in admitting the testimony of Ike Felsenthal. For. this error the judgment is reversed, and the cause is remanded for a new trial.