STEWART v. BUDD.

Opinion delivered October 5, 1925.

1. PLEADING—ANSWER ALLEGING PROCUREMENT OF JUDGMENT BY FRAUD—CONCLUSION.—In a suit upon a foreign judgment, an answer alleging that, after plaintiff commenced an action against defendant in Missouri, defendant paid off plaintiff's claim which was the basis of the suit, and that, notwithstanding such payment, plaintiff subsequently procured a judgment in such action, and that this constituted a fraud in procuring the judgment, *held* not to state a conclusion, but a good defense defectively stated, and was not demurrable, but the defect should have been reached by motion to make the answer more definite and certain.

2.   JUDGMENT—PROCUREMENT BY FRAUD—EVIDENCE.—Evidence *held* to
     sustain a finding that a judgment in another State was procured
     by fraud.

3.   TRIAL—EFFECT OF BOTH PARTIES ASKING A PEREMPTORY VERDICT.—
     Where each of the parties to an action requested the court to
     direct a verdict in his favor and requested no other instructions,
     this was tantamount to consent for the court to take the case
     from the jury and decide the issues upon the evidence.

4.   APPEAL AND ERROR—WRONG FORUM—HARMLESS ERROR.—That a
     case triable in equity was tried at law before the circuit judge
     sitting as a jury was harmless error where the case was correctly
     decided.

Appeal from Washington Circuit Court; *W. A. Dickson,* Judge; affirmed.

*C. D. Atkinson,* for appellant.

McCULLOCH, C. J. Appellant instituted this action against appellee in the circuit court of Washington County on a judgment rendered in his favor against appellee for the sum of $500 in the circuit court of Newton County, Missouri. The transcript of the proceedings in the Missouri court shows that the action was based upon alleged liability for tort, and that the court rendered judgment in favor of appellant against appellee and assessed the damages at $500. Appellee filed an answer stating, among other things, that the claim of appellant against appellee had been fully settled and paid off, that appellant had executed a written receipt for the sum paid, and that the judgment in the Missouri court had been secured by fraud practiced by appellant upon the court. There was a demurrer to this part of the answer, which the court overruled. Appellant also filed a motion to transfer the case to equity, which the court overruled, and the parties proceeded to trial before a jury, but, when the testimony had been introduced, both parties moved for a peremptory instruction, and the court decided the issues in favor of appellee and rendered judgment accordingly.

The first assignment is that the court erred in overruling the demurrer to the answer, the contention being that the allegations with respect to the alleged fraud in

procuring the judgment sued on merely constituted con-
clusions of law rather than a statement of facts. There
was, as we have already seen, an allegation that appel-
lee had, after the commencement of the Missouri action,
paid off appellant's claim which was the basis of that
suit, but that, notwithstanding such payment and the exe-
cution of a written receipt by appellant, she had procured
a judgment on the original claim, and that this constituted
a fraud upon the court. This was not a mere statement
of a conclusion, but it was an attempt to state facts upon
which the alleged fraud was based. In other words, the
allegations, taken together, constituted an imperfect
statement of a defense and was not demurrable, but
should have been reached by a motion to make more
definite and certain. There was no error therefore in
overruling the demurrer.

It appears from the testimony in the case that appel-
lee resides in the city of Fayetteville, in Washington
County, Arkansas, and that the judgment rendered by
the Missouri court was based upon a claim by appellant
that appellee had wrongfully and negligently injured
appellant in the operation of an automobile while driv-
ing through and along the streets of Neosho, Missouri.
Appellee testified in the trial that he did not in fact
cause the injury of which appellant complains, but that,
when the suit was brought against him in Missouri, he,
with his attorney, went to Neosho during the pendency
of the action and made a complete settlement with appel-
lant, paying her the sum of fifty dollars and the fees of
her physician, and the costs of the action, and that this
settlement was made with the consent of appellant's
attorney, who was representing her in the case at that
time. Appellee testified that after making settlement he
returned home, and that he knew nothing more of the
matter until suit was brought in this State on the judg-
ment. There was other testimony adduced by appellee
in support of the claim that he had compromised and
settled appellant's claim against him. Appellant did
not testify as to any specific agreement that the suit was

to be dismissed, but it is fairly inferable from his testimony that there was such an understanding, and that the judgment against appellee was taken in violation of this agreement after the settlement was made. The court found these facts to be true, and the evidence is abundant to sustain this finding.

The request of both parties for a peremptory instruction, without asking other instruction, was tantamount to consent for the court to take the case from the jury and decide the issues upon the evidence. *St. Louis Southwestern Ry. Co.* v. *Mulkey,* 100 Ark. 71.

The facts constituted a fraud upon the Missouri court, for, if there was a settlement made with the understanding that the case was to be dismissed and appellee was permitted to return to his home in Arkansas in reliance upon that agreement, it constituted fraud to ask the court to render judgment on the original claim.

It is also contended that appellee is precluded from taking advantage of the alleged fraud by reason of the fact that he appeared in the Missouri court by attorney and filed a motion to quash the service of summons, and that his sole remedy was to prosecute an appeal from the action of the court in overruling the motion. *Ederheimer* v. *Carson Dry Goods Co.,* 105 Ark. 488. It does not appear in the record, as abstracted, whether settlement was made between the parties before or after the motion was made to quash the service. That is unimportant, however, so far as concerns the result, for, if the settlement was made after the court refused to quash the service, and appellee relied upon the promise to dismiss the action, it would constitute fraud, notwithstanding that the service of summons was valid. On the other hand, appellee testified that he did not authorize any attorney to appear for him in the action or to move to quash the service, and hence an unauthorized appearance after they made a settlement of the case would not bar appellee from setting up fraud in procuring the judgment. The question of the validity of the service of summons is not involved in the action here. Treating it now as valid,

appellee is not precluded from showing that the judgment against him was obtained by fraud after he had settled with appellant and left the State of Missouri and returned to his home, relying upon appellant's promise to dismiss the action.

It is next contended that the Missouri judgment was conclusive, and that the allegations of fraud in obtaining the judgment are not available as a defense at law. Appellant relies on the decisions of this court in *Peel* v. *January,* 35 Ark. 331, where the court held that in a suit on a foreign judgment the defense of fraud in procuring the judgment was not available at law, but must be resorted to in a court of equity in a proceeding to cancel the judgment. The right to defend in the courts of this State against a foreign judgment sought to be enforced here was clearly recognized in the case of *Peel* v. *January, supra,* and, if we adhere to the rule announced in that case, that the defense must be taken advantage of in a court of equity, there was no prejudice in the trial court's refusal to transfer the cause to equity. The case was taken from the jury and decided by the trial court upon the facts, and appellant was not injured by having the issues decided by the circuit judge instead of by the chancellor. The finding of the trial judge is supported by a clear preponderance of the evidence, and we will not reverse the judgment merely because that finding was made by the circuit judge instead of by the chancellor. In other words, the case was decided correctly, and, if it had been transferred and decided by the chancellor upon the same state of facts, it would be our duty to affirm the decree; hence there was no prejudice in the failure to make the transfer.

Finding no prejudicial error in the record, the judgment must be affirmed, and it is so ordered.