KELLY *v.* DEWEES.

4-5981

140 S. W. 2d 1011

Opinion delivered June 3, 1940.

*David B. Whittington,* for appellant.

*Henderson, Meek & Hall,* for appellee.

McHANEY, J. The parties to this action were formerly husband and wife. On September 24, 1936, they were divorced by the decree of the Second Judicial District Court of the State of Nevada, Washoe county, on the petition of appellee, in which appellant entered his appearance, filed an answer and was represented by counsel. This decree awarded alimony of $100 per

month to appellee, based on a written separation agreement of the parties, dated September 2, 1936. Appellant made these monthly alimony payments up to September 1, 1938, but defaulted on that payment. On October 3, 1938, he paid $25.00 of the amount due September 1, leaving a balance of $75.00 due for that month, and has paid nothing since. Appellee, who is a resident of the State of New York, brought this action in the circuit court of Garland county, where appellant is now residing, to recover a judgment against him for the accrued and unpaid alimony payments, based on the decree of the Nevada court. Appellant appeared and moved to transfer to equity. He alleged as a ground therefor, although not abstracted by him, that the alimony decree was obtained by fraud, "in that, at the time of entering into the separation agreement referred to by the said alimony decree, the plaintiff (appellee) had represented to the defendant (appellant) that she would claim only temporary support under the said separation agreement, that such representation was false, but was in good faith relied on by the defendant. . . ." He further alleged that it was agreed that the separation agreement would not be incorporated in any divorce decree that might be granted her, which was relied on by him and that he was thereby induced to enter into said agreement; and that he desired to impeach said decree for this fraud and could only do so in a court of equity. His motion to transfer was overruled. Trial resulted in a judgment for $1,375 against appellant.

The only suggestion of error on this appeal is the refusal of the circuit court to transfer the cause to equity. We think no error was committed in this regard. The separation agreement referred to provided that, "beginning on September 1, 1936, and on the first day of each and every month thereafter during the full period of the natural life of said second party (appellee) and as long as said parties continue to live separate and apart and regardless of whether either party hereafter obtains a divorce from the other", he should pay her $100 as alimony for her support and maintenance, as long as she

continued single. Although said agreement contemplates there might be a divorce, there is nothing in it to the effect that she would claim only temporary support or alimony under it in case of a divorce. The only conditions as to the monthly payments of $100 each were that they continue to live separate and apart, regardless of whether either obtains a divorce from the other, and appellee's remarriage in the event of divorce. In either event, appellant should make no further payments, neither of which conditions has happened. The contemporaneous oral agreement appellant alleges is refuted by the contract which could not be varied by oral evidence. The fact that the separation agreement was incorporated or referred to in the Nevada decree, even though it was agreed it should be left out, does not amount to an allegation of fraud.

Assuming that the circuit court might have properly transferred the cause to equity, appellant was not prejudiced by its failure to do so. The case was tried by agreement before the court without a jury. The facts are not in dispute and the result must have been the same, no matter before which court it was tried. As said by this court in *Stewart* v. *Budd,* 169 Ark. 363, 275 S. W. 748, ''In other words, the case was decided correctly, and if it had been transferred and decided by the chancellor upon the same state of facts, it would be our duty to affirm the decree; hence there was no prejudice in the failure to make the transfer.''

Affirmed.