460

Mitchell *v.* Mitchell

'5-3809                                    400 S. W. 2d 292

Opinion delivered March 14, 1966

*Phillip H. Loh,* for appellant.

*Audrey Strait,* for appellee.

Paul Ward, Justice. This litigation is over a boundary line between two parcels of land in which two brothers have a life estate. They, together with two other brothers (not involved here), received a life interest in a large acreage through the will of their father who died in 1942.

To help understand the issue involved we set out a summary of the factual background.

By terms of the will the real estate was first placed in trust for ten years, then it vested in the four sons for life with remainder in the bodily heirs of the sons. The sons were also left certain personal property. In *Mitchell* v. *Mitchell,* 208 Ark. 478, 187 S. W. 2d 163 this Court upheld the validity of the will. On May 26, 1952 the four

sons entered into and signed a "Partition and Trust Agreement" which sets out, by description, the portion of land to be held and controlled by each son. The instrument is long and involved, and contains numerous land descriptions. Among other things it provides that appellant gets "The North ½ of the N.E.¼" of section 24, Twp 6 N. R. 18 W., and that appelle gets "The S½ of the N. E. ¼" of said section 24. These same two parties were before this Court in 1963 in a dispute over personal property left to them by the will. *Mitchell* v. *Mitchell*, 236 Ark. 812, 368 S. W. 2d 284.

The present litigation began on June 12, 1964 when appellant filed a complaint in chancery court contending, among other things, that appellee was in possession of a portion of the land which belongs to him.

After a full hearing the trial court found, from the pleadings and testimony, that the main purpose of the litigation was "an action for the establishment of a boundary line in dispute" between lands claimed by the parties in the northeast quarter of section 24, T. 6 N. R. 18 W.

The court found, among other things, that appellant was entitled to the possession (as a life tenant) of the north half of said northeast quarter and that appellee was likewise entitled to the south half.

For reasons hereafter discussed, we agree with the trial court.

*One.* The essence of appellant's contention is that, prior to the signing of the written agreement mentioned previously, he had an oral agreement with appellee as to where the dividing line (between their properties) would run. According to this alleged oral agreement the dividing line was to be (in part) the south line of said northeast quarter. This, of course, would leave no land to appellee in said quarter section, and was contrary to the plain wording of the written agreement. The trial

court was correct in holding that the written agreement could not, in the absence of fraud, be changed by the alleged oral agreement. See: *Quartermous* v. *Kennedy,* 29 Ark. 544 and *Kelley* v. *DeWees,* 200 Ark. 770, 140 S. W. 2d 1011. Appellant does not allege or prove fraud in this case.

*Two.* It is next insisted by appellant that the trial court erred in refusing to fix a boundary line between all the lands claimed by the two sons. We do not agree. As before pointed out these parties have been before this Court on two previous occasions, and the parties have lived under the agreement more than ten years, yet this is the first time appellast has indicated in court his dissatisfaction with the present boundary situation. In fact the testimony is to the effect that there has not been any such dissatisfaction. If appellee is, in fact, in possession of any land assigned to appellant ejectment in a court of law is his remedy: *Gibb* v. *Bates,* 150 Ark. 344, 234 S. W. 175. Also, we point out, there is no sufficient evidence in the record by which the trial court could definitely define the dividing lines between the numerous parcels of land held by the parties.

Other matters were presented to the trial court for determination, but we find no error in the court's refusal to pass on them. There were approximately ten pleadings of various kinds filed in the case, raising various issues which were not fully developed or were not germane to the principal issue before us. These were disposed of, properly we think, in the following manner: The court "decreed that all other matters and issues involved is this case . . . be and the same are dismissed without prejudice."

Affirmed.