*In the Matter of the Petition of* FRANK B. BORT *for a Writ of Habeas Corpus.*

CUSTODY OF MINOR CHILDREN; *Duty of a Court.* It is the duty of a court, whenever the possession and custody of minor children is sought by *habeas corpus,* to make such order for their care and custody as the best interests of the children may require, and to that end it may commit them to the custody of other than a parent; and this notwithstanding the fact that in a decree of divorce they were committed to the care and custody of either father or mother. Such a decree may bind the parties *inter sese,* but does not conclude the court as to the best interests of the children.

*Original Proceedings in Habeas Corpus.*

PETITION for a writ of *habeas corpus,* filed in this court by *Frank B. Bort,* February 3, 1881. The facts are sufficiently stated in the opinion, filed herein May 3, 1881. The case was argued orally by Mr. *C. F. W. Dassler,* for the petitioner, and by Mr. *Lucien Baker,* for the defendant.

The opinion of the court was delivered by

BREWER, J.: This is a proceeding in *habeas corpus,* brought by Frank B. Bort, the father of Edith M. Bort and Fred.

Bort, against Medora E. Bort, the mother, for the possession of these children. At the time of the commencement of this proceeding the children lacked a few weeks of being, respectively, four and five years old. The parents were divorced by a decree of the circuit court of Sauk county, Wisconsin, on January 26, 1881. This decree awarded the custody of the children to the father, and upon this decree plaintiff mainly relies. The petition in said action was filed April 17, 1880, by Mrs. Bort. At that time both parties resided within the jurisdiction of said court. Defendant filed a cross-petition in that action. Soon after commencing her action, Mrs. Bort took her children and came to Leavenworth to live with her parents, where she has ever since resided. In October, 1880, she dismissed her suit in Sauk county, but the case went on to trial upon the cross-petition, and upon that a decree was entered in favor of defendant, giving him a divorce for the fault of plaintiff, and also the custody of the children.

The petitioner invokes the benefit of that clause of the federal constitution which provides that full faith and credit shall be given in each state to the judicial proceedings of every other state, and insists that that decree concludes the question as to the rights of the respective parents at its date, and that, unless some subsequent change in the relative position and fitness of the respective parties is shown, the custody must be given to the father. This claim seems to rest on the assumption that the parents have some property rights in the possession of their children, and is very justly repudiated by the courts of Massachusetts. (2 Bishop on Marriage and Divorce, 5 ed., p. 204.)

We do not, however, propose to place our disposition of this case upon the decision of any such question as that. We shall concede that, as between the parents, that decision is a finality, and still we do not feel warranted in sustaining the petition of the plaintiff.

We understand the law to be, when the custody of children is the question, that the best interest of the children is the

paramount fact. Rights of father and mother sink into insignificance before that. Even when father and mother are living together, a court has the power, if the best interests of the child require it, to take it away from both parents and commit the custody to a third person. In other words, a court of chancery stands as a guardian of all children, and may interfere at any time and in any way to protect and advance their welfare and interests. Now in a divorce suit the court is limited to the question: Which of the two parents is the better custodian of the children? The decision only determines the rights of the parties *inter sese.* But in this proceeding the question is, What do the best interests of the children require? Shall they be given to either party? or shall the court place the custody with some other person? Now the petitioner and respondent, or plaintiff and defendant, in this proceeding, the parents of these children, late husband and wife, have filed in this court most bitter and malignant charges against each other. We have examined the testimony adduced in support of these charges, and are glad to know that neither is as bad as the other would have us believe. It is sad to see two, who but so recently were joined in the holiest of unions, and who pledged to each other a love and faith even unto death, now searching for epithet and charge to blacken each other's good name, and to pass down to their little ones an inheritance of dishonor. When the fury of present anger shall have spent its force, and calmer hours come, justice and generosity, we can but believe, will resume their sway, and bitterly will each regret the useless and untruthful charges against the other.

But the question for our decision is, what do the best interests of the children require? The petitioner is a traveling salesman, away from home a large part of his time. While away, the children would necessarily have to be under the care of his mother—a woman past middle age—or such hired help as he might secure. On the other hand, Mrs. Bort is now living with her parents, Mr. and Mrs. D. W. Powers, reputable citizens of Leavenworth. They have an

elegant home a few miles from the city, and have expressed their desire to have the care and custody of their little grand-children. Besides these, an unmarried sister and a brother of Mrs. Bort constitute the household. All seem to have the warmest affection for these children. We see no reason to doubt that Mrs. Bort is a loving mother, devoted and faithful to her little ones. Her conduct since she left her husband, and since the divorce, seems to have been without reproach. Whatever may be her faults, it is evident that these children will receive only the kindest care if left in their present home. They are of that tender age when they need a mother's care. No stranger, however kind, can fill her place. We may not ignore these universal laws of our nature, and they compel us to place these children where they will be within the reach of a mother's love and care. At the same time, it would be unjust to have the minds of these children poisoned against their father. He is industrious, energetic, a good salesman, traveling for a reputable house in Chicago, a house which ap-preciates and has confidence in him. He has a father's love for these little ones, and desires their best welfare. He would not have them alienated from him, and they ought not to be. Without discussing the situation further, the order which will be made is as follows:

The children will be committed to the care and custody of Mrs. Powers, their grandmother, upon her giving a bond to the state of Kansas in the sum of three thousand dollars, with two sufficient sureties, to be approved by the clerk of this court, conditioned that she will keep the children within the jurisdiction of this court, and will produce them in court whenever so required.

Whenever the father desires, he shall, upon giving twenty-four hours notice to Mrs. Powers, be permitted to visit his children at the house of Mrs. Powers, going there alone to be with them there alone; he must be received without insult or injury; he will also be permitted to have the company of his children away from the house of Mrs. Powers at any place within the county of Leavenworth he may desire, to take them

out riding or driving within the limits of such county, providing he first give bond to the state of Kansas in the sum of five thousand dollars, with two sufficient sureties, to be approved by the clerk of this court, conditioned that he will not take or permit them to be taken outside the county of Leavenworth, and that he will return them to the house of Mrs. Powers during the day-time of the same day upon which they were taken therefrom.

Each party must pay the costs of his or her own depositions. The other costs will be taxed against the petitioner. The case will be continued in this court for such further orders and disposition as the best interests of the children shall require.

All the Justices concurring.