No. 33,062

LENA BELLE BURNAP, *Appellee*, v. JAY E. BURNAP, *Appellant*.

(61 P. 2d 899)

Opinion filed
November 7, 1936.

*J. S. Simmons, Alva L. Fenn* and *Herbert E. Ramsey*, all of Hutchinson, for the appellant.

*J. N. Tincher, Clyde Raleigh* and *Leaford F. Cushenbery*, all of Hutchinson, for the appellee.

The opinion of the court was delivered by

BURCH, C. J.: The appeal is from an order overruling the demurrer to a petition.

The petition of Lena Belle Burnap alleged that she and her husband, Jay E. Burnap, were divorced by decree of a court of competent jurisdiction in Colorado. Copies of material portions of the proceedings were attached to the petition. The final decree contained the following:

". . . it is ordered by the court that said defendant [Lena Belle Burnap] shall have the care, custody and control of their minor children, Mary Louise Burnap and Jeanne Marie Burnap, until the further order of the court, and that said plaintiff [Jay E. Burnap] shall pay to said defendant for the care, support and maintenance of their minor children the sum of $50 per month, payable on or before the 10th day of each month, until the further order of the court. . . ."

The petition alleged defendant had paid nothing on the decree for support of the children since March, 1932, and prayed judgment for $1,950, the amount due for the period March, 1932-June, 1935. Defendant filed a general demurrer to the petition.

The district court overruled the demurrer on the analogy of Restatement, Conflict of Law, section 464, which reads:

"A valid judgment for alimony granted in one state can be enforced in another state to the extent of the amount already due and unpaid on the decree, and not subject to reduction."

The court held the same rule should apply to child-support money that applies to alimony. The analogy is recognized in Restatement, Conflict of Laws, section 610, Comment "e," which reads:

"A claim by a divorced or separated wife for alimony already accrued is a claim given to the wife in her own behalf and does not fall within the rule stated in this section; a wife may maintain an action for alimony already accrued under the law of another state. . . . A like result would follow if a statute gave a right to a definite sum to be paid by a father to a child or its guardian."

Defendant· assumes, and under the pleadings correctly assumes, the law of Colorado is the same as the law of Kansas. Therefore the decree of the Colorado court was for a definite sum to be paid at definite times, not merely to the court-appointed custodian, but to the natural guardian of the children, for their support.

Defendant relies on the decision in the case of *Cheever v. Kelly,* 96 Kan. 269, 150 Pac. 529, and similar subsequent decisions. In the Cheever case the cause of action for support of minor children was not based on any judgment previously rendered, but was based solely on the father's common-law duty to support his children. In such cases the proceeding is, in its nature, equitable, and the mother can recover nothing except reasonable expenditures made necessary by the neglect of parental duty.

Defendant says the judgment of the Colorado court was not final, because the Colorado court reserved power to modify the judgment. The district court properly held the Colorado court had no power to modify its judgment with respect to amounts due and unpaid. The judgment was final so far as they were concerned.

Plaintiff filed a motion for allowance to her by this court of an attorney fee, suit money, and money for her support pending the appeal. The judgment sued on was simply a money judgment, and this court is without authority to make allowances of the kind prayed for.

Plaintiff's motion is denied, and the judgment of the district court is affirmed.