No. 33,451

George E. Wilkinson, *Appellee*, v. Lyndall Wilkinson (Now Lyndall MacLean), *Appellant*.

(77 P. 2d 946)

Opinion filed April 9, 1938.

*Leo T. Gibbens,* of Scott City, for the appellant.

*Harold W. McCombs,* of Russell, and *Raymond McCombs,* of Ness City, for the appellee.

The opinion of the court was delivered by

Allen, J.: This is a proceeding on defendant's motion asking the court to hold plaintiff in contempt of court for default in payments of money for the support of a minor child, as ordered by the court. At the same time plaintiff moved the court for a modification of the order and that the custody of the minor child be taken from defendant and given to plaintiff. The district court heard both motions at the same time and ruled that plaintiff was not in contempt of court; that plaintiff discontinue the payments for support of the minor child, and that the custody of the minor child be taken from the defendant and given to the plaintiff. In the order overruling defendant's motion for a new trial the court ordered plaintiff to pay defendant $10 per month on past due, unpaid installments of money, the payments of which at that time the plaintiff was in default practically six years. Defendant appeals.

On the 10th day of December, 1925, the district court of Logan county rendered a decree in case No. 1929, entitled *George E. Wilkinson, Plaintiff, v. Lyndall Wilkinson, Defendant,* and that defendant have the custody of the child, subject to the further order of the court; that plaintiff should have the right at any time except during school term to take the child at his own expense to his home to visit him for periods of three months or less out of each year.

It is admitted that the plaintiff made the payments pursuant to the order of the court until on or about June, 1930, when plaintiff defaulted in his payments and has paid nothing since. It is also admitted that plaintiff married again about the year 1927 and now has a wife and two children, aged five and four years, and that the defendant married again about the year 1929 and that her name now is Lyndall MacLean; that the minor child of the parties, Betty Rae Wilkinson, is now past fifteen years of age and lives with her mother at Salt Lake City, Utah.

It is asserted the court erred in refusing to hold plaintiff guilty of contempt. There was no evidence of willful failure to make the payments as provided for in the original decree of divorce. The evidence is undisputed that because of circumstances over which the plaintiff had no control, it has been impossible since 1930 for him to make the payments as provided in the original divorce decree. As the refusal to pay was not contumacious, there was no error in the action of the court. (*Wohlfort v. Wohlfort,* 116 Kan. 154, 225 Pac. 746; *Davidson v. Davidson,* 125 Kan. 807, 266 Pac. 650; *State v. Dent,* 29 Kan. 416.)

Defendant contends the court had no authority to discontinue the payments of $25 per month to the defendant for the support of the minor child and to make the order that plaintiff pay $10 per month upon past-due, unpaid installments. The order of the court provided:

"The court further finds that the plaintiff should pay to the defendant the sum of $10 per month upon the past-due, unpaid installments of money ordered to be paid to the defendant at the time the divorce was granted, such payments to begin at the time the defendant delivers the custody of said child to the plaintiff.

"It is therefore considered, ordered, adjudged and decreed by the court that the defendant's motion for a new trial be and the same is hereby overruled and denied. And it is further ordered and decreed that the plaintiff pay to the defendant the sum of $10 per month upon the past-due, unpaid installments of money ordered by the court to be paid to the defendant at

the time the divorce was granted, such payments to begin at the time the defendant delivers the custody of said child to the plaintiff. *Provided,* That nothing in this order shall be construed so as to prevent the defendant from collecting the entire amount of any and all installments past due and unpaid as of June 22, 1936, at any time, by the ordinary processes of law."

This question was before this court in the recent case of *Davis v. Davis,* 145 Kan. 282, 65 P. 2d 562. It was there held:

"A district court has power to modify or change any previous order with respect to payments for the support, maintenance and education of the minor children of a marriage whenever circumstances render such change proper. The new order, however, cannot increase or decrease amounts past due. It must be made effective from the date of modification and not from the date of the original decree or from the time of changed circumstances. In other words, the modification must operate prospectively and not retroactively."

In *Hyde v. Hyde,* 143 Kan. 660, 56 P. 2d 437, it was argued that in a divorce action the court had authority to relieve the husband from paying past-due payments of support money for a minor child. It was not necessary to pass directly on the question, but at page 667 it was said: "No decision of this court is cited holding that in such a case a court can relieve the party from past-due payments."

In *Burnap v. Burnap,* 144 Kan. 568, 61 P. 2d 899, there was a decree of divorce in Colorado—the wife was given custody of the minor children, and the husband was required to pay a stated sum per month for the support of the children. The husband came to Kansas and refused to pay the support money. The wife sued the husband in Kansas for the aggregate amount of the past-due payments. In holding the wife could maintain the action it was said: "The district court properly held the Colorado court had no power to modify its judgment with respect to amounts due and unpaid. The judgment was final so far as they were concerned."

It is clear, therefore, that the trial court erred in permitting the defendant to pay $10 per month to be applied on the past-due, unpaid installments. The court could modify or change the amount to be paid if circumstances rendered such change proper. It could not, however, reduce the amount of accrued payments, past due.

Complaint is made of the action of the court in taking the care, custody and control of the girl, age fifteen, from her mother, the defendant, and granting the care, custody and control of the child to the plaintiff.

In an early case, *In re Bort, Petitioner*, 25 Kan. 308, it was said:

"We understand the law to be, when the custody of children is the question, that the best interest of the children is the paramount fact. Rights of father and mother sink into insignificance before that . . . . . We see no reason to doubt that Mrs. Bort is a loving mother, devoted and faithful to her little ones. Her conduct since she left her husband, and since the divorce, seems to have been without reproach. Whatever may be her faults, it is evident that these children will receive only the kindest care if left in their present home. They are of that tender age when they need a mother's care. No stranger, however kind, can fill her place. We may not ignore these universal laws of our nature, and they compel us to place these children where they will be within the reach of a mother's love and care." (pp. 309, 311.)

Since the decree of divorce the plaintiff, George E. Wilkinson, has married again, and at the time of the trial, had two children, aged four and five. He testified that all the property he has is encumbered and that he is practically insolvent; that he is partly dependent upon his second wife for the support of himself and their two children.

It also appears that the defendant has married again and lives in Salt Lake City, Utah; that the child lives with her; that she attends the public schools in that city and will soon be ready to attend the high school. The child testified that she did not wish to leave her mother or reside elsewhere than with her mother in Salt Lake City.

There is no contention that the mother is an improper person to have the care of the child. To transfer this child from her home with her mother where she has been since she was two years of age and where she is happy and well cared for, to the home of the plaintiff, who has a new wife and two children, and who is unable to support his present family, seems unwarranted. We think this order should be set aside.

For the reasons stated, the judgment will be reversed, and the cause remanded for further proceedings in accordance with this opinion. It is so ordered.