TOLLEY *v.* TOLLEY.

4-7912                              194 S. W. 2d 687

Opinion delivered May 27, 1946.

*Owen C. Pearce* and *Culbert L. Pearce,* for appellant.

*W. D. Davenport,* for appellee.

ED. F. McFADDIN, Justice. The essential question on this appeal is the force and effect to be given in Arkansas to a Kansas judgment (1) awarding money, and (2) attempting to vest title of Arkansas real estate.

Appellant, Lillie Mae Tolley, and appellee, James Alvis Tolley, were married in Arkansas in 1925, and two children were born to the marriage. Appellant and appellee separated in 1941, and thereafter each party made an unsuccessful effort to obtain a divorce in Arkansas. Then, in September, 1944, while the appellant was residing in Kansas, the District Court of Wyandotte county, Kansas, in a suit filed by the appellant and based on personal service on appellee, rendered a judgment which awarded appellant: (1) a divorce; (2) final judgment for $195; (3) $10 per week from date of judgment until further orders of the court for the support and education of the minor child then in the custody of appellant; and (4) title to certain real estate in White county, Arkansas, free and clear of all claims and liens of James A. Tolley.

Basing her claim on the said Kansas judgment, Lillie Mae Tolley, on April 27, 1945, filed suit against James A. Tolley in the Circuit Court of White county, Arkansas, seeking: (1) judgment both for the $195, and also for the continuing sum of $10 per week for the support of the child, and past due under the Kansas judgment, *supra,* and (2) possession of the forty acres in White county as described in the Kansas judgment, *supra.* To this complaint, appellee filed a demurrer, which was sustained. Appellant's complaint was dismissed upon her refusal to plead further; and there is this appeal.

The record reflects that the appellee filed answer in addition to demurrer, and the appellant demurred to the answer. However, the cause was heard by the White Circuit Court solely on the pleadings; and the court ruled that the appellee's demurrer to the complaint

should be sustained. So, we disregard on this present appeal any and all reference to the appellee's answer and the appellant's demurrer thereto.

We hold that the appellee's demurrer should have been (1) overruled as to those parts of the appellant's action which sought money judgment; and (2) sustained as to so much of the appellant's action as sought ejectment for the land.

I. *The Action to Enforce the Kansas Judgment for Money.* Article IV, § 1 of the Constitution of the United States says: "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof." 28 U. S. C. A., § 688, was enacted to carry into effect the last sentence above quoted. The judgment of the District Court of Wyandotte county, Kansas, said: "It is further ordered and decreed that plaintiff have judgment against the defendant in the sum of $120 for past-due support and maintenance, and attorney fees in the sum of $75; total $195." This language quoted immediately above was a final judgment, and entitled to full faith and credit in the State of Arkansas under the provisions of the United States Constitution, as above quoted. *Beauchamp* v. *Bertig,* 90 Ark. 351, 119 S. W. 75, 23 L. R. A., N. S., 659; *Lewis* v. *United Order of Good Samaritans,* 182 Ark. 914, 33 S. W. 2d 53; *Motsinger* v. *Walker,* 205 Ark. 236, 168 S. W. 2d 385. Therefore, so much of the appellant's complaint as was an action on this Kansas judgment for $195 stated a good cause of action; and to that extent the demurrer should have been overruled.

The appellant also sought judgment in this action in White county for the allegedly past-due weekly installments of support money awarded by the Kansas court, the judgment of which (under date of September 27, 1944) reads: "It is further ordered that plaintiff be and she is awarded the care, custody and control of their

minor child, Mary Jacquline Tolley; that defendant be and he is hereby ordered and directed to pay to the plaintiff the sum of $10 per week from this date for the support, maintenance and education of said minor child, until a further order of this court."

Whether this award for support money is a final judgment and entitled to full faith and credit presents an interesting question, and one not discussed in *Kelly* v. *De Wees,* 200 Ark. 770, 140 S. W. 2d 1011. Under the rule laid down by the Supreme Court of the United States in *Sistare* v. *Sistare* (218 U. S. 1, 30 S. Ct. 682, 54 L. Ed. 905, 28 L. R. A., N. S., 1068, 20 Ann. Cas. 1061), and reaffirmed by the Supreme Court of the United States in *Barber* v. *Barber* (323 U. S. 77, 65 S. Ct. 137, 89 L. Ed. 82, 157 A. L. R. 163), these weekly payments of support money are within the purview of the full faith and credit clause of the Federal Constitution, if the judgment for such future payments is not subject to annulment or modification by the Kansas court as to past-due and unsatisfied installments. In *Barber* v. *Barber, supra,* the United States Supreme Court, in discussing the holding in *Sistare* v. *Sistare, supra,* said: "The court held that a decree for future alimony is, under the Constitution and the statute, entitled to credit as to past-due installments, if the right to them is 'absolute and vested,' even though the decree might be modified prospectively by future orders of the court. See, also, *Barber* v. *Barber,* 21 How. (U. S.) 582, 16 L. Ed. 226. The Sistare case also decided that such a decree was not final, and therefore not entitled to credit, if the past-due installments were subject retroactively to modification or recall by the court after their accrual. See, also, *Lynde* v. *Lynde,* 181 U. S. 183, 187, 45 L. Ed. 810, 814, 21 S. Ct. 555."

We are not concerned here with the effect the Arkansas courts give to their own awards for future payments for support, but rather with the effect the Kansas courts give to Kansas awards for future payments for support. We turn, then, to the law of Kansas as declared by the courts of the state. In *Sharp* v. *Sharp,* 154 Kan.

175, 117 P. 2d 561, the Kansas Supreme Court has clearly stated the law of that State; and we quote:

"With respect to installments due and unpaid, the judgment was final. *Burnap* v. *Burnap,* 144 Kan. 568, 71 P. 2d 899; *Wilkinson* v. *Wilkinson,* 147 Kan. 485, 77 Pac. 2d 946. In *Paul* v. *Paul,* 121 Kan. 88, 245 P. 1022, 46 A. L. R. 1197, in a divorce action in Nebraska an order for temporary alimony payable in installments was made. An action on the judgment for the unpaid installments was brought in this state. As the order as to the unpaid installments had not been modified by the Nebraska court, it was held the judgment was final and the action would lie. The rule is the same in other jurisdictions. 2 Beal, Conflict of Laws, p. 1393.

"In *Cheever* v. *Kelly,* 96 Kan. 269, 150 P. 529, it was held, as stated in the syllabus: 'When installments of alimony awarded by a decree of divorce and alimony become due and are not paid, they may be collected by suit, judgment, and. execution, although the decree provided it should not be a lien on the defendant's property.'

"As the court is without power to modify or change past-due installments for the support and education of minor children (*Davis* v. *Davis,* 145 Kan. 282, 65 Pac. 2d 562), we think such accrued unpaid installments may be collected by suit, judgment and execution the same as past-due unpaid alimony installments. 2 Freeman on Judgments, 5th Ed., § 1067." See, also, *Wilkinson* v. *Wilkinson,* 147 Kan. 485, 77 P. 2d 946; and *Trunkey* v. *Johnson,* 154 Kan. 724, 121 Pac. 2d 247. See, also, *Griffin* v. *Griffin,* 327 U. S. 220.

Interesting annotations on the question of the full faith and credit to be accorded past-due installments for alimony or support may be found in 41 A. L. R. 1419, 46 A. L. R. 1200; 57 A. L. R. 1113; and 157 A. L. R. 170. In 27 C. J. S. 1286, Divorce, § 329, the various holdings are summed up: "On the other hand, a decree for the support of a minor child, which is unalterable, or so much thereof as is unalterable, is within the application of the

full faith and credit clause of the Federal Constitution,
. . . ''

The holdings of the Supreme Court of Kansas demonstrate that the past-due installments for support are final and unalterable, and are not subject to annulment or modification by the Kansas courts. It therefore follows that the appellee's demurrer should also have been overruled to so much of the appellant's complaint as sought to enforce in Arkansas, the unpaid and unsatisfied awards for weekly support adjudged by the Kansas court, and past-due at the time of the filing of this cause in the White Circuit Court.

II. *The Action to Enforce the Kansas Judgment Affecting Title to Arkansas Real Estate.* The judgment of the District Court of Wyandotte county, Kansas, contained this language: ''It is further ordered and decreed that plaintiff be and she is hereby awarded the following described real estate, to-wit: The southeast quarter (¼) of the southeast quarter (¼) of section ten (10), township seven (7) north, range five (5) west, consisting of forty (40) acres of land, more or less, in White county, Arkansas, free and clear of all claims and liens of the defendant.'' This was a decree *in rem* by the Kansas court, attempting to settle title to real estate in Arkansas by operating directly on the title. The full faith and credit clause of the United States Constitution does not afford any sanctity or force in the State of Arkansas to such judgment of the Kansas court, because the Kansas court was without jurisdiction to vest title to Arkansas real estate in the form in which this judgment was rendered. *Fall* v. *Eastin*, 215 U. S. 1, 30 S. Ct. 3, 54 L. Ed. 65, 23 L. R. A., N. S., 924, 17 Ann. Cas. 853. In that case just cited, Mr. Justice McKenna, speaking for the United States Supreme Court, quoted from the earlier case of *Watts* v. *Waddle*, 6 Pet. 389, 8 L. Ed. 437: ''It is not in the power of one state to prescribe the mode by which real property shall be conveyed in another. This principle is too clear to admit of doubt.'' In speaking of the full faith and credit clause, Mr. Justice McKenna

said: "This provision does not extend the jurisdiction of the courts of one state to property situated in another . . ."

The Supreme Court of Kansas has recognized that a court of one state has no jurisdiction to vest title *in rem* in lands located in another state. In *Rodgers* v. *Rodgers,* 56 Kan. 483, 43 P. 779, the Supreme Court of Kansas had before it a case where a divorce had been granted in West Virginia, and in which divorce decree the West Virginia court had attempted to settle the title to real estate in Kansas. The Supreme Court of Kansas accorded full faith and credit (under Art. IV, § 1 of the United States Constitution) to so much of the West Virginia judgment as decreed a divorce, but refused to recognize that part of the West Virginia judgment which attempted to settle the title to real estate in Kansas. The Kansas Supreme Court said: ". . . and, while the West Virginia court did make a general order purporting to bar the rights of the wife in the real and personal property of the husband, yet this part of the decree could have no extra-territorial force so as to settle the title of any property outside of that state."

In 27 C. J. S. 1287 the rule is stated: "Since jurisdiction to render a judgment *in rem* inheres only in the courts of the state which is the situs of the *res,* a divorce decree which attempts to settle the title to lands in another state, by operating directly on the title, and not by compelling the holder of the title to convey, is void and not *res adjudicata* of the same claim in an action between the same parties and involving the same land."

And in 17 Am. Juris. 369 this appears: "The rule is well established that in divorce proceedings the courts of one state cannot, by their decree, directly affect the legal title to land situated in another state, . . ."

And in Leflar on "Conflict of Laws," § 119, the rule is stated: "The only state which can, by operation of law and apart from the act of the parties, transfer title in land out of one person and into another is the state where the land lies."

This court has recognized and applied the same rule in the cases of *Kendall* v. *Crenshaw,* 116 Ark. 427, 173 S. W. 393; and *O'Connell* v. *Sewall,* 191 Ark. 707, 87 S. W. 2d 985. In *O'Connell* v. *Sewall, supra,* a final decree was rendered in the superior court of Cook county, Illinois, adjudging that a certain party had no right, title or interest in a certain 160-acre tract in Ouachita county, Arkansas; and the Illinois judgment was pleaded in the Arkansas case. Mr. Justice HUMPHREYS, speaking for this court, said: "The Illinois court was without jurisdiction to determine title to lands in this State, and the adjudication there cannot estop appellee from claiming an interest in real estate in this State nor can the adjudication there be pleaded as *res judicata* of issues here involving title to said land. *Clopton* v. *Booker,* 27 Ark. 492; *Williams* v. *Nichol,* 47 Ark. 254, 1 S. W. 243; *Beauchamp* v. *Bertig,* 90 Ark. 351, 119 S. W. 75, 23 L. R. A., N. S., 659." See, also, the annotation in 51 A. L. R. 1081.

There are, of course, cases where a court of one state may require a party to execute a deed to lands in another state, as in specific performance cases; and, when such deed is executed, it is valid. The following cases of this court bear on this point: *Arkansas Mineral Products Co.* v. *Creel,* 181 Ark. 722, 27 S. W. 2d 1003; *Grayson* v. *Garratt, Chancellor,* 192 Ark. 47, 90 S. W. 2d 500; *Nakdimen* v. *Brazil,* 131 Ark. 144, 198 S. W. 524; and *Bell* v. *Wadley,* 206 Ark. 569, 177 S. W. 2d 403. These cases fall within the rule stated in 14 Am. Juris. 434, and as stated by Leflar in "Conflict of Laws," § 120, that it is permissible for courts of one state to enter *in personam* judgments and decrees in suits involving foreign land. But the Kansas judgment in the case at bar is not such a decree as falls within the rule of these cases.

The Kansas judgment here involved did not require the appellee to execute a deed, so as to be an *in personam* decree. Rather, the Kansas judgment here involved was an attempt by the court of Kansas to directly adjudicate, settle and vest the title of Arkansas real estate; and in that respect the Kansas judgment is not effective in the State of Arkansas; and the Circuit Court of White

county, Arkansas, correctly sustained the appellee's demurrer to the ejectment action based on the Kansas judgment.

It follows, therefore, that the judgment here appealed from is affirmed as to so much thereof as sustained the appellee's demurrer to the ejectment action; but is reversed and remanded with directions to overrule the demurrer to so much of the complaint as sought a money judgment based on the Kansas decree for the $195, and also for the unpaid and unsatisfied award for weekly support adjudged by the Kansas decree and past due at the time of the filing of this action in the White Circuit Court. Costs of this appeal are taxed against appellee.