Habeas corpus proceeding by Floyd B. Little against Nettie Franklin for possession of petitioner's minor child. From decree awarding custody to Nettie Franklin, petitioner appeals.
Decree affirmed.
Appellant filed his petition for habeas corpus to secure possession of Barbara Lucile Little, his minor child, who was in custody of the maternal grandmother. The writ was issued, answer was filed and after due consideration the custody was awarded to appellee. This appeal is from the decree so entered.
The material facts are as follows: Appellant is the father of Barbara Lucile Little but he was divorced from her mother in Alabama and lives with his father and mother. Barbara Lucile was eight years old at the time of the decree in this case and has lived with appellee since she was about one year old. Appellee alleges that she paid the accouchement charges and has cared for Barbara Lucile Little from infancy. Appellant alleges that he was awarded her custody in the Courts of Alabama but defendant challenges the validity of both decrees on the ground that the child was not in the jurisdiction of the Court when said decrees were promulgated.
The chancellor found that the child had been with appellee since she was about one year old, that she was receiving excellent care, that she is attached to and loves her grandmother and prefers to stay with her, that she hardly knows her father or his parents where the father proposes to take her if he secures custody, that the father has made no contribution to her support, has never given her a Christmas present, has never tried to cultivate her love and affection and has made no effort to get acquainted with her except through Court proceedings.
On the basis of this finding, the chancellor decreed that the best interests of the child required that she be left in the custody of her grandmother. He accordingly quashed the writ and discharged the respondent. The record amply supports this holding. In fact, appellant offers nothing to overcome it except that he is the father of the child and has a comfortable home and the proper educational and religious environment in which to bring her up none of which is shown to be any better than that which the child enjoys with her grandmother.
The only other question we are required to consider is whether or not the court below in promulgating his decree gave full faith and credit to the decrees of the Courts of Alabama and Louisiana as required by Section 1, Article IV, Constitution of the United States.
We are not unmindful of the rule that judgments and decrees of the Courts of sister States be given full faith and credit in the State of the forum, but this *Page 769 
rule like many others may have its exceptions. We hold that judgments and decrees affecting the custody of children, not being final, occupy a different status from those affecting divorces and property rights and may be modified as circumstances warrant without doing violence to the full faith and credit requirement of the Federal Constitution. Halvey v. Halvey, 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133; Frazier v. Frazier, 109 Fla. 164,147 So. 464; Eddy v. Staufer, Fla., 37 So.2d 417.
The decree appealed from is therefore affirmed.
Affirmed.
ADAMS, C.J., and CHAPMAN, THOMAS, SEBRING and HOBSON, JJ., concur.
WHITE, Associate Justice, dissents.