DREW, Chief Justice
(dissenting).
The foundation on which the lower court rested its order denying the father the custody of his two infant children was that it would be to the best interest of said children to have their custody remain in their maternal grandparents. In affirming the action of the lower court, the majority opinion rests upon the premise that “Under the circumstances indicated by the record it would be an unjustifiable experiment at this point to transfer custody of these children of very tender years, at least until such time as the appellant has more clearly demonstrated his parental interest in, and desire to care for, his children.” I fear that the action of the lower court in denying custody to the father at this time and of the majority of this Court in upholding that decree will result in far greater harm to the welfare of these small children than would result in a contrary action. I think the circumstances of the case have unconsciously blinded the lower court and the majority in this Court.
The mother of the youngest of these children died in California when the child was only three days old. There in a strange land, faced with the tragic death of his wife an left with these two small children, the actions of the husband were naturally not those of a man under normal conditions. Whether the events which followed, as related in the majority opinion, were influenced by the tragedy which had been visited upon these young people is not clear from the record. In any event, the actions of the husband in the two or three years which followed clearly indicate a lack of parental interest in the welfare of the children. It is established by the record that the husband has now remarried, has a comfortable home and a good job. The older boy is with him and he now is desirous of regaining the custody of his younger children — his own flesh and blood. I am convinced that the best interest of all concerned will be achieved by granting the custody to him.
Surely this Court in the face of a record that establishes from the testimony of the grandmother that the husband is a fit and proper person to have his children is not going to deprive the father of such children forever. If custody must be taken from the grandmother, who has looked after them with loving care and tenderness and who the record established will be wounded by removing them from her possession, the sooner this is accomplished the lesser the injury will be to these good people who have looked after these young children and to the children themselves.
This is not the kind of a case where the children are old enough to be substantially affected by a change in custody as was the case in Hart v. Howell, 154 Fla. 878, 19 So.2d 317. Nor is it a case where the parent had allowed the child or children to remain with other relatives for the first ten years of its life and the child at the time of the hearing was of sufficient age to express a desire in the matter as appeared in the case of Myers v. Stewart, 117 Fla. 173, 157 So. 499. In Little v. Franklin, Fla. 1949, 40 So.2d 768, the child was eight years old and had lived with her grandmother for the last seven years and preferred to stay with her.
I think it is clear that the three children of this father should be raised together. This is a natural law. It is cruel not only to the parent who undoubtedly still loves his children but to the children themselves to remove them from each other in their childhood. The record convinces me there is a strong likelihood that these three children can henceforth be raised in one family as brothers and sisters by their natural father and have a future of the kind that children should have. Moreover, the grandparents are of advanced years. They have raised their family and such close relationship between grandparents and small children over a long period of years is not conducive to the happiness and well being of either.
*757 While the choice is not an easy one in this case I think that out of our desire to be kind we are being cruel. Looking at the picture not of the moment but of the years ahead, I am convinced that the best interests of the children require that the custody be delivered to the father. I am sure that when we consider that the courts have always held that the natural right of a parent to the custody of his children should not be invaded without good cause, the affirmance is clearly erroneous.