**Toni Marie SAMPSON, a Minor, By Martha Judy Sampson, her mother and next friend, Appellant,**

v.

**Robert L. SAMPSON, Appellee.**

No. 54710.

Supreme Court of Iowa.

Sept. 9, 1971.

Miller, Pearson & Gloe, Decorah, for appellant.

Jenk, Jenk & Goen, Dyersville, for appellee.

STUART, Justice.

Martha Judy Sampson, a resident of Wisconsin and mother of Toni Marie Sampson, brought this habeas corpus action as Toni's mother and next friend to obtain custody of the child now living in Iowa with defendant, Robert L. Sampson, Toni's father and plaintiff's former husband. The trial court decided the matter on the question of the best interest of the child and awarded custody to the father with liberal visitation rights to the mother. She has appealed.

Although we have repeatedly stated habeas corpus actions to determine child custody are tried as equitable proceedings and are reviewable de novo, Lamar v. Zimmerman (Iowa, 1969), 169 N.W.2d 819, 821; In re Guardianship of Gau (Iowa, 1968), 161 N.W.2d 788, 789; Stafford v. Taylor (Iowa, 1968), 158 N.W.2d 621, 623; Garvin v. Garvin (1967), 260 Iowa 1082, 1089, 152 N.W.2d 206, 211; Halstead v. Halstead (1966), 259 Iowa 526, 531, 144 N.W.2d 861, 864; Helton v. Crawley (1950), 241 Iowa 296, 310, 41 N.W.2d 60, 69, this case was tried as an action at law. Ordinarily, we review a case in the same manner it was tried regardless

of the proper forum. Flynn v. Michigan-Wisconsin Pipeline Co. (Iowa, 1968), 161 N.W.2d 56, 60; Jackson Wholesale Florists v. Schappaugh Floral (1955), 246 Iowa 1189, 1192, 70 N.W.2d 154, 156; McCulloch Investment Co. v. Spencer (1955), 246 Iowa 433, 436, 67 N.W.2d 924, 926, and citations. However, because of the sensitive nature of child custody cases and the fact that we seek to determine the best interest of the child, we are not inclined to permit the attorneys by agreement or mistake as to the proper forum to limit the scope of our review in such matters. We therefore shall consider the matter de novo. See In re Guardianship of Gau, supra. No important evidence offered by either party was excluded.

Plaintiff and defendant were married August 13, 1965. Toni was born August 8, 1966. On May 22, 1969, plaintiff took her daughter and left the family home in Fayette County with a married man, James Mills, her art instructor at Upper Iowa College, with whom she had had extramarital sexual relations. Mills shortly returned to his wife. Defendant did not know where they had gone until July 15, 1969 when he was served with notice of a divorce action in Reno, Nevada.

He went to Reno to attempt a reconciliation and was served with a restraining order preventing him from seeing the child. He entered into a stipulation giving Toni's custody to plaintiff, fixing his visitation privileges and providing for child support, which provisions were incorporated into the non-contested divorce decree.

Plaintiff then went to Sheboygan, Wisconsin, where she had obtained a teaching position. She resigned after one semester to accept employment as a bookkeeper at an art center and on the weekends worked as a cocktail waitress in a reputable nightclub.

Her correspondence and statements at this time indicated a disenchantment with the institution of marriage and a belief that wife-swapping and sexual promiscuity were the proper life style. She did not deny having had this approach to life at that time but stated at the trial she had since changed her mind.

While in Sheboygan she engaged in a love affair with a married man, who subsequently obtained a divorce. She stated they plan to be married after his divorce becomes final. There is no proof of any sexual misconduct in the presence of her daughter, but he stayed overnight in plaintiff's apartment fifteen or twenty times.

Defendant has since remarried a once-divorced woman with a two year old child and established a stable and happy household in Maynard, Iowa, where he has been a teacher and coach for the past six years.

The evidence shows that Toni, a bright child, becomes emotionally upset and encounters a bed-wetting problem when moved back and forth between the parties.

Defendant obtained possession of Toni under the visitation rights granted him under the Nevada decree on May 29, 1970. When the 30 day period expired he refused to return the child to plaintiff. She commenced this habeas corpus action and the child has been with the father since that time.

Plaintiff contends the Nevada divorce decree is entitled to full faith and credit under the Iowa law and before custody can be taken away from plaintiff, there must be a showing that a change in circumstances since the divorce decree requires a change of custody in the best interests of the child. Plaintiff contends no such showing was made in this case.

The trial court concluded that it was not necessary to show such change in the circumstances and decided the matter upon the best interest and welfare of the child and awarded custody to the father as if there had been no Nevada decree.

■ I. All courts recognize custody decrees are subject to modification upon a showing of a change in circumstances and will modify the decree of a sister state upon such showing. There is far less unanimity on jurisdictional questions and the extent to which a foreign decree is entitled to full faith and credit when there is no showing of change of circumstances.

■ Primary and secondary authorities on the extraterritorial effect of the child custody provisions in judgments in divorce or habeas corpus actions and application of comity, res judicata, or the constitutional requirements of full faith and credit thereto are almost unlimited. A comprehensive annotation entitled Extraterritorial Effect of Valid Award of Custody of Child of Divorced Parents, in Absence of Substantial Change in Circumstances is found at 35 A.L.R.3d 520 et seq. A further sampling of such authorities follows. Kovacs v. Brewer (1958), 356 U.S. 604, 78 S.Ct. 963, 2 L.Ed.2d 1008; May v. Anderson (1953), 345 U.S. 528, 73 S.Ct. 840, 97 L.Ed. 1221; People of State of New York ex rel. Halvey v. Halvey (1947), 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133; Langan v. Langan (1945), 80 U.S.App.D.C. 189, 150 F.2d 979; Sampsell v. Superior Court (1948), 32 Cal.2d 763, 197 P.2d 739; Foster v. Foster (1937), 8 Cal.2d 719, 68 P.2d 719; Boardman v. Boardman (1948), 135 Conn. 124, 62 A.2d 521; Little v. Franklin (Fla. 1949), 40 So.2d 768; Hendricks v. Hendricks (1949), 69 Idaho 341, 206 P.2d 523, 9 A.L.R.2d 617; Murphy v. Murphy (1966), 196 Kan. 118, 410 P.2d 252, 35 A.L.R.3d 512; Moyer v. Moyer (1951), 171 Kan. 495, 233 P.2d 711; In re Duncan (Mo., 1963), 365 S.W.2d 567, 4 A.L.R.3d 1270; Application of Reed (1950), 152 Neb. 819, 43 N.W.2d 161; Casteel v. Casteel (1957), 45 N.J.Super. 338, 132 A.2d 529; Wallace v. Wallace (1958), 63 N.M. 414, 320 P.2d 1020; Bachman v. Mejias (1956), 1 N.Y.2d 575, 154 N.Y.S.2d 903, 136 N.E.2d 866; Finlay v. Finlay (1925), 240 N.Y. 429, 148 N.E. 624, 40 A.L.R. 937; Ex Parte Mullins (1946), 26 Wash.2d 419, 174 P.2d 790; Pollock v. Pollock (1956), 273 Wis. 233, 77 N.W.2d 485; Ehrenzweig, Interstate Recognition of Custody Decrees (1953), 51 Mich.L.Rev. 345; 47 Cal.L.Rev. 750; 49 Iowa L.Rev. 1178; 5 Kan.L.Rev. 77; Annos: 4 A.L.R.3d 1277, 9 A.L.R.2d 623; Proposed Official Draft of the Restatement of the Law of Conflict of Laws, Second, Section 79 and comments (b) and (c) thereunder.

As we believe there is a sufficient showing of change of circumstances here to require a change of custody to the father for the best interest of the child, we will reserve a decision reviewing the necessity for a showing of change of circumstances to modify any child custody decree until an appropriate future time.

At the time the divorce was granted plaintiff planned to teach. Her attitude toward marriage and sex had not been fully revealed. Her brief affair with her art instructor was over. She subsequently engaged in a love affair with a married man and broke up his home. Defendant was unmarried and without a settled household. The emotional effect of the disrupted home-life upon the young child had not been disclosed at that time.

In our opinion there was more than an adequate showing of change of circumstances justifying a change in the custody, even if the decree had been our own decree. We therefore affirm the trial court on that basis.

Affirmed.

All Justices concur.