

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV–13–107

| | |
|---|---|
| GINGER PURSER, KENNETH EUGENE PURSER, JR., AND JIMMY LEWIS PURSER<br><br>APPELLANTS<br><br>V.<br><br>KIM PURSER BUCHANAN<br>APPELLEE | **Opinion Delivered** August 28, 2013<br><br>APPEAL FROM THE CLEBURNE COUNTY CIRCUIT COURT<br>[NO. CIV–2011–72–2]<br><br>HONORABLE ADAM HARKEY, JUDGE<br><br>REVERSED AND REMANDED |

**PHILLIP T. WHITEAKER, Judge**

Appellants Ginger Purser, Kenneth Eugene Purser, Jr., and Jimmy Lewis Purser appeal a Cleburne County Circuit Court order dismissing their petition to set a aside deed and quieting title in favor of Kim Purser Buchanan and W. E. Davis, Administrator of the Estate of Kenneth Eugene Purser, Deceased. We reverse.

This case involves litigation in two states concerning real estate located in Cleburne County, Arkansas. Kenneth Purser died intestate in Mississippi in December 2007. At the time of his death, he was married to Ginger Purser and had three adult children, Kenneth Purser, Jr., Jimmy Lewis Purser, and Kim Purser Buchanan. A probate case was opened for administration in Mississippi, and W. E. Davis, the clerk of the chancery court in Mississippi, was named as administrator of the estate.

Davis filed a petition for approval of the inventory of the estate in the Mississippi

SLIP OPINION

probate action. Included in the inventory was certain real property located in Cleburne County, Arkansas. Buchanan filed an objection to the petition for approval of inventory, stating that the property had been lawfully deeded to her and did not belong in the inventory of the Estate. Kenneth Purser, Jr., and Jimmy Purser responded, arguing that the deed to the Cleburne County property was invalid and was properly includable in the Estate. They argued that the quitclaim deed from Kenneth Purser to Buchanan, although notarized on October 22, 2003, was undated, and not recorded until March 25, 2008 (after the death of Kenneth Purser).

The Mississippi chancery court determined that the Arkansas real estate was not included in the inventory of the estate making the following findings of fact and conclusions of law with respect to the Cleburne County property:

4. Upon stipulation of parties, the issue as to whether the Estate has any **ownership in the Arkansas real property** is hereby determined pursuant to the applicable Arkansas law.

5. Upon stipulation of the parties, the previous attempted conveyance of said Arkansas property from the decedent to Mid-South Investments, LLC was an invalid conveyance, as at the time of said conveyance, Mid-South Investments, LLC was on inactive-revoked status and delinquent standing and incapable of holding title to real property. Accordingly, **the deed evidencing said attempted conveyance** dated October 18, 1999 and recorded December 9, 1999 in the office of the Circuit Court and Ex-Officio Recorder of Cleburne County, Arkansas **is void ab initio** and of no legal significance.

6. After considering all oral and documentary evidence, the Movant, Kimmey Jean Purser (Bennett) Buchanan, has proven by clear and convincing evidence and beyond all reasonable doubt that **the decedent conveyed the Arkansas Real Property to the Movant on October 22, 2003**, and that any interest so retained by the grantor in that conveyance was, at most, a life estate interest which was extinguished upon the death of the decedent.

SLIP OPINION

7.      After considering all oral and documentary evidence, the Movant, Kimmey Jean Purser (Bennett) Buchanan, has proven by clear and convincing evidence and beyond all reasonable doubt that the Arkansas real property **is not owned by the Estate** of Kenneth Eugene Purser and should not be included in the inventory of the Estate.

(Emphasis added.)

The appellants did not appeal the Mississippi order.  Instead, they filed a petition in Arkansas to set aside the deed from Kenneth Purser to Buchanan and quiet title in the property.   Appellants argued that the deed to Buchanan was void because there had been no valid delivery of the deed and title had not passed.

Buchanan filed a motion to dismiss the petition.   The motion alleged that the appellants' claims were barred by Rule 12(b)(8) of the Arkansas Rules of Civil Procedure, res judicata, and judicial estoppel.

The trial court granted the motion to dismiss but did not specifically state whether the motion was granted under Rule 12(b)(8), res judicata, or judicial estoppel.   The order granting dismissal contained the following provisions relating to the Mississippi cause of action:

3.      Parties may not consent or stipulate for purpose of establishing subject matter jurisdiction in a particular court. *Flemens v. Harris*, 319 Ark. 659 [893 S.W.2d 783] (1995).   However, for purposes of this matter, the existing deed was the subject matter of the action.

4.      To the extent the Mississippi probate court acknowledge [sic] there was an existing Arkansas deed conveying title to Ms. Buchanan and omitted said property as part of the estate, it was clearly within its authority to do so.  **It did not determine an ownership/title dispute nor convey real property in Arkansas.**  It is the deed, not the Order of the Mississippi probate court, which vested title.

(Emphasis added).

SLIP OPINION

Appellants filed a timely notice of appeal from the trial court's order. They argue that the trial court erred as a matter of law when it determined that the Mississippi probate court's order precluded it from determining the validity of a deed to real property in Arkansas. More specifically, appellants assert (1) that the circuit court incorrectly determined that the Mississippi order had a preclusive effect on the petition to set aside the deed; (2) that the parties could not consent or stipulate to subject-matter jurisdiction in the Mississippi court; and (3) that judicial estoppel was not applicable.

When a trial court considers matters outside the pleadings, the appellate courts will treat a motion to dismiss as one for summary judgment. *Kyzar v. City of W. Memphis*, 360 Ark. 454, 201 S.W.3d 923 (2005). A motion to dismiss is converted to a motion for summary judgment when matters outside of the pleadings are presented to and not excluded by the court. *Nielsen v. Berger-Nielsen*, 347 Ark. 996, 69 S.W.3d 414 (2002). Because the trial court considered the pleadings filed in the Mississippi probate action in granting the motion to dismiss, the motion is more aptly deemed one for summary judgment.

Ordinarily, upon reviewing a court's decision on a summary-judgment motion, we would examine the record to determine if genuine issues of material fact exist. *See Travis Lumber Co. v. Deichman*, 2009 Ark. 299, 319 S.W.3d 239. However, in a case such as this one, which does not involve the question of whether factual issues exist but rather the application of legal rules, we simply determine whether the Appellee was entitled to judgment as a matter of law. *See id*. We conclude that the appellee is not entitled to judgment as a matter of law for the following reasons.

4

SLIP OPINION

First, we disagree with the trial court's conclusion that the Mississippi probate court had not rendered a decision on the validity of the Arkansas deed. A plain reading of the Mississippi probate court's order reveals just the opposite: it did rule on the validity of the Arkansas deed and found that the deed had conveyed title to Buchanan. Thus, the trial court was incorrect in finding that the Mississippi court merely recognized that an Arkansas deed existed and that it had not determined the validity of that deed.

Second, we address the issue of whether the Mississippi court had jurisdiction to determine the validity of the Arkansas deed. While the Mississippi court in this case purportedly determined the validity of the Arkansas deed pursuant to a stipulation of the parties, it lacked the subject-matter jurisdiction to do so. Parties may by agreement consent to personal jurisdiction in a given court, but subject-matter jurisdiction cannot be conferred merely by agreement of the parties. *See Servewell Plumbing, LLC v. Summit Contractors, Inc.*, 362 Ark. 598, 210 S.W.3d 10 (2005). A court cannot directly affect or determine the title to real property located in another state. *See Tolley v. Tolley*, 210 Ark. 144, 194 S.W.2d 687 (1946), and *Lockley v. Lockley*, 257 Ark. 603, 519 S.W.2d 52 (1975) (distinguishing between valid foreign judgments requiring parties to execute deed, as in specific performance, and invalid foreign judgments that determine the validity or title to land). Here, the parties called upon the Mississippi court to determine the validity of the Arkansas deed—something it lacked the subject-matter jurisdiction to do. Thus, the Mississippi court's determination of the validity of the deed was void, and the Arkansas court retained the power to determine its validity. The trial court, however, did not determine the validity of the deed prior to

5

dismissing the petition.

Third, as an invalid judgment rendered by a court lacking subject-matter jurisdiction, the Mississippi order could not have preclusive effect. Under the doctrine of res judicata, a valid and final judgment rendered on the merits by a court of competent jurisdiction bars another action by the plaintiff or his privies against the defendant or his privies on the same claim or cause of action. *Parker v. Perry*, 355 Ark. 97, 131 S.W.3d 338 (2003). However, because the Mississippi court lacked subject-matter jurisdiction to determine title to the Arkansas property, there was not a valid judgment by a court of competent jurisdiction for purposes of res judicata.

Last, the doctrine of judicial estoppel is not applicable to this cause of action. A prima facie case of judicial estoppel includes the following elements: (1) a party must assume a position clearly inconsistent with a position taken in an earlier case, or with a position taken in the same case; (2) a party must assume the inconsistent position with the intent to manipulate the judicial process to gain an unfair advantage; (3) a party must have successfully maintained the position in an earlier proceeding such that the court relied upon the position taken; and (4) the integrity of the judicial process of at least one court must be impaired or injured by the inconsistent positions taken. *Dupwe v. Wallace*, 355 Ark. 521, 533–34, 140 S.W.3d 464, 472 (2004). Here, the appellants have consistently argued that the Buchanan deed was invalid. Because they have not taken inconsistent positions, their claims are not barred by judicial estoppel.



Based on the foregoing, we reverse and remand for proceedings consistent with this opinion.

VAUGHT and HIXSON, JJ., agree.

*R. Bryan Tilley*, for appellants.

*Steve Bell*, for appellee.